## ARMSTRONG v. MURRAY TOOL & SUPPLY CO.
### No. 2453.

Court of Civil Appeals of Texas. El Paso.
Oct. 16, 1930.

Paul Moss, of Odessa, for appellant.
C. W. Tate, of Odessa, for appellee.

PELPHREY, C. J.

Appellee, Murray Tool & Supply Company, sued appellant, C. M. Armstrong, for possession of a Hudson coupé automobile, and obtained a writ of sequestration, which was quashed upon appellant's motion.

Appellant answered by general demurrer, general denial, and answered specially setting up a cross-action for $150, alleged to be due him from appellee as salary, for $170.43 for expenses advanced by him under a contract with appellee, for $500 for conversion of the automobile, and for $150 exemplary damages; the last two items alleged to have arisen by reason of the malicious taking of the automobile from appellant by appellee under the writ of sequestration.

The case was submitted to a jury on the following special issues:

"1. Is the plaintiff, Murray Tool & Supply Company, entitled to the possession of the Hudson Coupé Automobile sued for herein? Answer 'Yes.'

'2. In what amount, if any, has the plaintiff, Murray Tool & Supply Company, been damaged by reason of the use of said automobile by the defendant, C. M. Armstrong, after he was requested to deliver it to the agent of the plaintiff? Answer 'None.'

"3. What sum of money, if any, is the plaintiff, Murray Tool & Supply Company, indebted to the defendant, C. M. Armstrong, for salary? Answer, '$150.00.'

"4. Did the defendant, C. M. Armstrong, represent the plaintiff, Murray Tool & Supply Company, to his utmost skill and ability in the capacity for which he was employed? Answer 'Yes.'

"5. Did the defendant, C. M. Armstrong, by his acts and conduct, after receiving notice from the plaintiff on the 19th day of December, 1929, resign from his position with the plaintiff? Answer 'Yes.' "

The court instructed the jury to find for appellant in the sum of $170.43 as expenses.

Upon the verdict, judgment was rendered awarding title and possession of the automobile to appellee, in favor of appellant against appellee for $320.43, and canceling the contract between the parties.

From such judgment Armstrong has appealed.

### Opinion.

The propositions upon which the appeal is predicated are:

"1. The court should not have sustained plaintiff's plea in abatement as to the $500.00 asked for in defendant's cross-action for wrongful sequestration and conversion of the Hudson automobile, because it touches, arises out of, is incident to, and is connected with plaintiff's cause of action.

"2. The court should not have canceled the contract between plaintiff and defendant, because such relief was not asked for by plaintiff in its amended petition upon which the case was tried nor by any amendment thereto."

We cannot agree with the first proposition. Appellant's pleading shows that he had possession of the automobile in question by reason of the same having been furnished to him by appellee, and from his allegations the title to said automobile appears to have been, at all times, in appellee.

While it may be true that he might have been entitled, under a proper showing, to damages for the loss of the use of the automobile, we fail to see how he would be entitled, not being the owner thereof, to recover from appellee the value of an automobile which his pleadings show belonged to it.

The court properly sustained the exception to that part of the cross-action. The second proposition appears, from an examination of the record, to be well founded.

We find nothing in the pleadings upon which the court could base its judgment canceling the contract.

The judgment will be modified so as to strike out that portion canceling the contract, and, as modified, is affirmed.